# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLARENCE SHELBY, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| WASTE MANAGEMENT, | § | SA-09-CV-0977 FB |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

TO:    **Honorable Fred Biery**
       **United States District Judge**

This report and recommendation recommends dismissal of this case. Previously, the district judge referred to me plaintiff Clarence Shelby's motion to proceed in forma pauperis (IFP) and motion for appointment of counsel.[1] In considering the motions, I observed that this case is appropriately dismissed under 28 U.S.C. § 1915(e). Section 1915(e) directs the court to dismiss an in forma pauperis proceeding at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted.[2] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules

---

[1]Docket entry #s 1 & 2.

[2]28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

of Civil Procedure] 'as long as the procedure employed is fair.'"[3]  Analyzing the merits of a

plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object

to the recommendation is a fair process for dismissing a case.

Shelby seeks to sue defendant Waste Management.  In considering Shelby's motions, I

observed that in Cause No. SA-09-CA-175, U.S. District Judge Orlando Garcia directed that

"any future attempts [by Shelby] to file a civil claim or proceed IFP on a civil claim against

'Waste Management' or any related entity based on [Shelby's] past employment or on-the-job

injury shall result in summary dismissal by the Court."[4]  U.S. District Judge Royal Furgeson

issued a similar directive in Cause No. SA-08-CA-45: "Plaintiff is also prohibited from filing

lawsuits against any Waste Management entity in the future concerning his previous employment

with Waste Management."[5]  Because these directives are clear about the consequences of

continuing to sue Waste Management, Shelby's motions present the following question: Does

Shelby seek to sue Waste Management or any related entity based on Shelby's past employment

or on-the-job injury?  The documents presented with Shelby's motions answer the question—the

answer is "yes."

The first document is not titled, but is addressed to "The Honorable United States District

Judge."  The document names "Waste Management" as "Defendant."  The document states that

the action is brought as "nature of the suit 442 civil rights jobs false information of employer."

---

[3]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  *See Carroll v. Fort James Corp*., 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[4]*See* Cause No. SA-09-CV-175, docket entry # 7, p. 2.

[5]*See* Cause No. SA-08-CV-0045-RF, docket entry # 16.

The document alleges that Waste Management "has committed a false oath and false swearing in the original answer and affirmative defense." Shelby attached a copy of Waste Management's original answer and affirmative defenses in Cause No. SA-05-CA-1063-RF. Coupled with Shelby's allegation—that Waste Management "has committed a false oath and false swearing in the original answer and affirmative defense"—attaching a copy of Waste Management's original answer and affirmative defenses in Cause No. SA-05-CA-1063-RF shows that Shelby's allegations in this case relate to his allegations in Cause No. SA-05-CA-1063-RF. In that case, Shelby sued Waste Management under the Americans with Disabilities Act, claiming that he was unlawfully terminated after he lost part of his right leg.[6]

U.S. Magistrate Judge Pamela Mathy explained in Cause No. SA-09-CA-175-OLG that Shelby sought to sue Waste Management based on the same facts and circumstances underlying his claims in Cause No. SA-05-CA-1063-RF.[7] Magistrate Judge Mathy opined that Cause No. SA-09-CV-175-OLG "appears to be [Shelby's] fourth federal suit in this Court, or attempted suit in this Court, against 'Waste Management' or an apparently related entity regarding the loss of his job with 'Waste Management' in 2004, following his on-the-job accident on August 27, 2003."[8] This case is the fifth federal suit or attempted suit against Waste Management following Shelby's on-the-job accident on August 27, 2003.

The second document presented with Shelby's motions confirms that Shelby seeks to sue

---

[6]*See* Cause No. SA-05-CV-1063-RF, docket entry # 10. Shelby sought compensation for negligence, wrongful termination, discrimination, and workers' compensation back pay. *Id*.

[7]*See* Cause No. SA-09-CA-175-OLG, docket entry # 4, p. 5.

[8]*Id*. at p. 14.

Waste Management for the same claim he has pursued in prior cases. References in that document to his former employment with Waste Management and his on-the-job injury leave no doubt that Shelby seeks to sue Waste Management for actions that arose from his past employment and his on-the-job injury. Shelby specifically referred to "[his] former employer Waste Management Company," "[himself as] a former Waste Management of Central Texas, Inc. employee," his employment history with Waste Management, "an accident resulting in Mr. Shelby losing part of one of his lower limbs," and being "physically [un]able to return to his job at Waste Management." Shelby attached the following to the second document: the police report of a traffic accident involving a vehicle owned by Waste Management and occurring on August 27, 2003, a Texas Workers' Compensation Work Status Report reflecting that Shelby underwent a leg amputation and Waste Management as Shelby's employer, a document terminating Shelby's temporary income benefits following his on-the-job injury and indicating Shelby was employed by Waste Management, and a letter from an attorney to the Social Security Administration reporting that Shelby's temporary income benefits compensation terminated when Shelby settled a claim with a third party. These documents relate to Shelby's former employment with Waste Management and his on-the-job injury on August 27, 2003.

**Recommendation**. The references in the first document and the documents attached to the second document leave no doubt that Shelby seeks to sue Waste Management based on his past employment and his on-the-job injury. Judge Garcia and Judge Furgeson have barred such claims. Pursuing a barred claim is frivolous. Consistent with Judge Garcia's directive, I recommend DENYING Shelby's motions (docket entry #s 1 & 2) and DISMISSING this case as an "attempt[] [by Shelby] to file a civil claim or proceed IFP on a civil claim against 'Waste

4

Management' or any related entity based on [Shelby's] past employment or on-the-job injury."[9]

To the extent that Shelby may complain about a lack of notice that the court is considering

dismissing this case, Shelby should treat this report and recommendation as notice.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States

District Clerk shall serve a copy of this report and recommendation on all parties by either (1)

electronic transmittal to all parties represented by attorneys registered as a "filing user" with the

clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt

requested.  Written objections to this report and recommendation must be filed within 14 days

after being served with a copy of same, unless this time period is modified by the district court.[10]

Such party shall file the objections with the clerk of the court, and serve the objections on all

other parties and the magistrate judge.  A party filing objections must specifically identify those

findings, conclusions or recommendations to which objections are being made and the basis for

such objections; the district court need not consider frivolous, conclusive or general objections.

A party's failure to file written objections to the proposed findings, conclusions and

recommendations contained in this report shall bar the party from a *de novo* determination by the

district court.[11]  Additionally, failure to file timely written objections to the proposed findings,

conclusions and recommendations contained in this memorandum and recommendation shall bar

the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-

---

[9]*See* Cause No. 09-CV-175, docket entry # 7, p. 2.

[10]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[11]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

5

to proposed factual findings and legal conclusions accepted by the district court.[12]

      **SIGNED** on January 7, 2010.


                                     NANCY STEIN NOWAK
                                     UNITED STATES MAGISTRATE JUDGE

---

[12]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).